```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

LERONE NESMITH,

                Plaintiff,         6:17-cv-06797-MAT
     -v-                           DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Lerone Nesmith ("Plaintiff"), represented by counsel, brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On February 5, 2015, Plaintiff protectively filed for SSI, alleging disability beginning January 1, 2015. Administrative Transcript ("T.") 119-20. The claim was initially denied on

June 16, 2015, and Plaintiff timely requested a hearing. T. 138-40. On October 26, 2016, a hearing was conducted in Rochester, New York by administrative law judge ("ALJ") Roxanne Fuller. T. 31-69. Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified via telephone.

The ALJ issued an unfavorable decision on April 10, 2017. T. 11-24. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. T. 205. The Appeals Council denied Plaintiff's request for review on September 19, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 416.920(a).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. T. 16.

At step two, the ALJ determined that Plaintiff suffered from the "severe" impairments of: degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the right shoulder with rotator cuff tendinopathy; history of right knee ACL tear and degenerative changes; depression; anxiety; unspecified psychotic disorder; and substance abuse. *Id*. The ALJ determined

2

that Plaintiff's medically determinable impairments of hypertension and asthma did not demonstrate significant dysfunction or require aggressive treatment for management and thus were non-severe. *Id*.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the following additional limitations: can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; can occasionally balance, stoop kneel, crouch, or crawl; can frequently reach in front with his right dominant arm; can occasionally reach overhead with his right dominant arm; can frequently handle objects (gross manipulation) with his right dominant hand; can frequently finger objects (fine manipulation) with his right dominant hand; and is able to perform simple, routine, and repetitive tasks. T. 18.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 22. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of food and beverage order clerk; table worker; and surveillance system

3

monitor. T. 23. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 24.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand of this matter is warranted because the ALJ's decision is unsupported by substantial evidence. Specifically, Plaintiff argues that: (1) the ALJ erred by ignoring the opinion of Plaintiff's treating doctor and further erred by failing to give that opinion any weight; (2) the ALJ's RFC finding is inconsistent with substantial evidence regarding Plaintiff's difficulties with attention and the ALJ's own findings regarding Plaintiff's limitations in concentration, persistence, and pace; and (3) the ALJ failed to incorporate Plaintiff's limitations relating to his severe impairment of the cervical spine into the RFC assessment, resulting in an RFC finding not based on substantial evidence. For the reasons discussed below, the Court finds remand of this matter is warranted for further administrative proceedings.

### I. Failure to Properly Assess and Weigh All Opinions of Dr. Berthollet Bavibidila

Plaintiff contends the ALJ erred when she failed to discuss or weigh the October 17, 2016 opinion of Plaintiff's treating physician, Dr. Bavibidila. The Commissioner concedes the ALJ failed to explicitly address Dr. Bavibidila's October 2016 opinion, but argues the error was harmless. For the reasons set forth below, the Court agrees with Plaintiff that the ALJ's failure to discuss Dr. Bavibidila's October 2016 opinion was not harmless and warrants remand.

On December 19, 2015, Plaintiff's treating physician, Dr. Bavibidila completed a Physical Assessment for Determination of Employability. T. 437-41. Dr. Bavibidila reported right shoulder pain and right knee pain as Plaintiff's chief complaints and opined Plaintiff's ability to walk and stand was limited to one to two hours each during an eight hour workday. T. 440. Dr. Bavibidila also opined Plaintiff would be limited to pushing, pulling, and bending, and lifting or carrying for a total of one to two hours during an eight hour workday. *Id.*

On October 17, 2016, Dr. Bavibidila updated Plaintiff's Physical Assessment for Determination of Employability, opining Plaintiff was limited to sitting for one to two hours during an eight hour workday, and only able to sit for forty-five minutes at a time before experiencing pain. T. 546. Dr. Bavibidila also completed a new Physical Treating Medical Source Statement on October 17, 2016. T. 549-53. In this source statement, Dr. Bavibidila noted Plaintiff's symptoms included neck, lower back, and right shoulder pain. T 549. Dr. Bavibidila opined Plaintiff's depression and anxiety affected Plaintiff's physical condition and that Plaintiff's pain would frequently interfere with his attention and concentration needed to perform even simple tasks during a typical workday. T. 550. Finally, Dr. Bavibidila noted that no functional assessment had been performed for the purposes of that opinion. T. 553.

In her decision, the ALJ noted that Dr. Bavibidila submitted a medical source statement indicating Plaintiff could walk or stand one to two hours; sit more than four hours; and push, pull, bend, lift, or carry one to two hours. T. 20 citing T. 440. The ALJ also noted Dr. Bavibidila's October 2016 update to the December 2015 source statement that Plaintiff could only sit for one to two hours. T. 20 citing T. 546. However, the ALJ made no mention of Dr. Bavibidila's separate source statement from October 17, 2016, opining that Plaintiff's pain would frequently interfere with his attention and concentration. This was plainly error by the ALJ.

The Commissioner argues this error is harmless because Dr. Bavibidila did not complete a functional assessment at the time he gave his October 2016 source statement. The Commissioner further argues that even had the opinion been properly considered by the ALJ, there is no reasonable likelihood that Dr. Bavibidila's statements would change the ALJ's determination. That conclusion is based on conjuncture inconsistent with the medical record.

It is well established that the opinion of a treating physician is entitled to controlling weight if well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence. *See* 20 C.F.R. § 416.927; *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (treating physician rule grants controlling weight to opinion of treating physician). Where the ALJ does not give controlling weight to the

treating physician, courts in this Circuit require that the ALJ provide explanations, or "good reasons" for doing so. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). Furthermore, when a treating physician's opinion is not given controlling weight, the ALJ must apply various factors to ascertain the weight to give the opinion: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. *See* 20 C.F.R. § 416.927; *see also Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999).

It is the ALJ's obligation to properly support her opinion with substantial evidence. In particular, the treating physician rule in effect at the time the ALJ issued her decision required the ALJ to give controlling weight to the opinions of Dr. Bavibidila, or otherwise explain why those opinions were rejected. While the ALJ met her burden for the December 2015 opinion and its supplement, she failed to meet her burden for the October 2016 opinion relating to Plaintiff's pain interfering with his attention and concentration. *See* T. 20. Rejecting Dr. Bavibidila's October 2016 opinion falls within the ALJ's discretion, so long as she provided "good reasons" for doing so. *See Halloran*, 362 F.3d at 32. However, the ALJ failed entirely to mention the October 2016

opinion, let alone provide reasons for not giving it controlling weight pursuant to the treating physician rule. Accordingly, the Court finds that remand for further administrative proceedings is necessary.

The Court does not accept the Commissioner's after-the-fact justification of the ALJ's failure to consider Dr. Bavibidila's October 2016 statement. *See McCray v. Berryhill*, No. 6:17-cv-06478-MAT, 2018 WL 3386338, at *5 (W.D.N.Y. July 12, 2018) (rejecting the Commissioner's *post hoc* justifications for the weight applied to the opinion of plaintiff's treating opinion). The Commissioner specifically argues there was no need to include Dr. Bavibidila's October 2016 opinion that Plaintiff's pain would frequently interfere with his attention and concentration because a functional assessment was not completed at the time the opinion was made and because Dr. Bavibidila's opinion was inconsistent with the other evidence of record. However, the ALJ made no note of these reasons in her decision, and it would inappropriate for the Court to uphold the determination based upon them. *See, e.g.*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept . . . counsel's *post hoc* rationalizations for agency action."). Remand of this matter is necessary so that the Commissioner can, in the first instance, appropriately consider and weigh *all* the medical opinions of record, as the applicable regulations require.

## II. Plaintiff's Additional Arguments

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining argument concerning the limitations associated with Plaintiff's cervical spine impairments. Upon remand, the ALJ should fully consider the limitations associated with Plaintiff's cervical spine impairments evidenced in the medical record. In particular, the ALJ should include an assessment of all the functional limitations noted by consultative examiner Dr. Harbdinder Toor in his May 2015 source statement.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   November 19, 2018
         Rochester, New York